# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2384

_____

| | | |
|---|---|---|
| Marc Moore, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| City of Sedalia, Missouri; | * | |
| Theodore Litschauer; Irl | * | |
| Tessendorf; Jane Gray; Floyd | * | [UNPUBLISHED] |
| Hatfield; James S. Rissler; Mike | * | |
| Saddler; and Mike Hanks, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: September 14, 2001

Filed: October 26, 2001

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Marc Moore, a former police officer with the city of Sedalia, Missouri appeals the district court's[1] grant of summary judgment in favor of defendants in this action brought pursuant to 42 U.S.C. § 1983. We affirm.

_____

[1]The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

Moore was employed as a police officer with the city of Sedalia, Missouri from March 28, 1994 until February 1999, at which time he was discharged for cause. During his tenure with the police department Moore served on the executive board of the Mid-Missouri Fraternal Order of Police (FOP). While serving on the board Moore assisted in the preparation of a letter accusing Sadalia's Police Chief, Theodore Litschauer, of incompetence, and a lack of honesty and integrity. Moore showed the letter to various members of the FOP, including some who were employed as officers in the Sedalia Police Department. Moore then sent the letter to Irl Tessendorf, Sedalia's City Administrator.

City officials investigated Moore's allegations and determined they were false and unsupported by any credible evidence. Moore was suspended pending an informal disciplinary hearing. At the informal hearing, officials concluded that Moore's conduct in circulating the letter was sufficient cause for dismissal. Moore appealed the decision to the Police Personnel Board claiming the letter constituted protected speech under the First Amendment. The Board upheld his termination.

Moore filed this action under § 1983, alleging violation of his First Amendment rights to freedom of speech and association. Moore named as defendants the city of Sedalia, various members of city government, including the City Administrator, Chief of Police, and Mayor, as well as the members of the Police Personnel Board. The defendants moved for summary judgment arguing that Moore's claims were barred by claim preclusion, issue preclusion, and qualified immunity. The district court granted summary judgment on the basis of claim preclusion and issue preclusion.

We review de novo the district court's grant of summary judgment, applying the same standards as the district court. Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). We will affirm the grant of summary judgment if the record "show[s]

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering the facts, and the inferences to be drawn from them, we do so in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Dulany, 132 F.3d at 1237.

On appeal, Moore challenges only the district court's dismissal of his freedom of association claim.[2] Moore claims he was terminated because of his membership with the FOP. Our review of the record, however, fails to disclose any evidence supporting Moore's freedom of association claim. Rather, the record demonstrates that Moore was terminated as a result of the false and unsupported allegations made against Chief Litschauer. We, therefore, affirm the district court's grant of summary judgment.[3]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Moore's notice of appeal identifies the sole issue on appeal as "Did the Honorable Scott O. Wright adequately address and dispose of Count II, right to freedom of association, of plaintiff's complaint in his Order dated April 21, 2000?" Appendix of Appellant at 265-67.

[3]We recognize that our analysis differs from that of the district court, but we may affirm the district court's summary judgment decision on any basis supported by the record. See Duffy v. Wolle, 123 F.3d 1026, 1035 n.5 (8th Cir. 1997).